Zachary Nightingale (California Bar #184501)
Marc Van Der Hout (California Bar # 217431)
Avantika Shastri (California Bar # 233463)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003

Attorney for Petitioners
Khushi SHARMA
Joytika SHARMA
Prashant SHARMA

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA     C 07 5237

| | |
|---|---|
| SHARMA, Khushi<br>SHARMA, Joytika<br>SHARMA, Prashant<br><br>Petitioners,<br><br>v.<br><br>Nancy ALCANTAR, in her Official Capacity, Director San Francisco Office of Detention and Removal, U.S. Immigration and Customs Enforcement; Julie MEYERS, Assistant Secretary of the Department of Homeland Security for U.S. Immigration and Customs Enforcement; Michael CHERTOFF, Secretary, Department of Homeland Security; Peter D. KEISLER, Acting Attorney General, Department of Justice; Kevin OHLSON, Director, Executive Office of Immigration Review, Department of Justice.<br><br>Respondents. | DHS Nos. A 78-657-611<br>A 78-657-612<br>A 78-657-613<br><br>**PETITIONER'S NOTICE OF MOTION AND MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; DECLARATION OF NOTICE BY ZACHARY NIGHTINGALE IN SUPPORT OF MOTION** |

Motion for TRO and Prelim. Inj.

No:

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Rule 65-1 of the Local rules of this court, Petitioner hereby moves this Court for an order temporarily enjoining Respondents Department of Homeland Security ("DHS"), their agents, employees, and successors in office from removing Petitioners to Fiji, until such time as the Court hears and determines Petitioners' motion for preliminary injunction. Petitioner also moves for an order setting a time for a hearing on Petitioners' motion for preliminary injunction at the earliest practicable time.

The reasons in support of this motion are set forth in the accompanying memorandum of points and authorities. This motion is based on the attached Declaration of Zachary Nightingale in Support of Petition for Writ of Habeas Corpus and Writ of Mandamus ("Dec. ZN"), and the Authenticating Declaration of Zachary Nightingale in Support of Petitioners' Motion for Temporary Restraining Order and Request for Preliminary Injunction. As set forth in Petitioners' Points and Authorities in support of this Motion, Petitioners raise serious legal questions, and the balance of hardships tip sharply in their favor. Thus, the court should grant Petitioners' motion in order to avoid irreparable harm. See Dec. ZN at Exh. A. They are citizens of Fiji. Id. Mr. and Ms. Sharma also have a second son, Prashneet, who is seven years old and a United States citizen. Id. The family currently resides in Richmond, California, where they rely on the support of lawful permanent resident and United States citizen family members. Petitioners have never been arrested or convicted of any crimes. Id.

Petitioners affirmatively applied for asylum in 1999, within approximately one year of entering the United States, and have sought to pursue those applications, with the assistance of retained counsel, for the past eight years. Id.; See Dec. ZN at Exh. A, p. 103. However, unbeknownst to them until earlier this year, their three prior counsel provided ineffective assistance in Petitioners' prior proceedings. See Dec. ZN at Exh. A. Their prior counsel thereby prevented Petitioners from receiving full and fair hearings on their applications for asylum. Specifically, in their initial applications for asylum and during their Immigration Court proceedings, prior counsel failed to present relevant and material evidence in support of Mr. Sharma's application for asylum, which is based on the fact that he had been beaten to

unconsciousness by the Fijian police and constantly threatened and harassed by indigenous Fijians on account of his Hindu and South Asian background. Id. Prior counsel also failed entirely to investigate, identify, or present a separate application for asylum on behalf of Ms. Sharma, even though she had also been assaulted and threatened with rape in their home by indigenous Fijians on the same basis. Id. These fundamental errors were never corrected while their cases were on appeal before the Ninth Circuit Court of Appeals, and their removal orders were therefore upheld by the Ninth Circuit. Id.

Once Petitioners learned of these errors, they diligently filed a motion to reopen based on the ineffective assistance of prior counsel before the Board of Immigration Appeals ("BIA" or "Board"). Id. Their motion to reopen and request for a stay of removal was filed on April 19, 2007. Id. Almost six months later, neither the motion nor the request for stay has been adjudicated, despite the fact that the government failed to oppose the motion for four months and thus the motion should have been deemed unopposed. See Dec. ZN at Exh. D.

On September 21, 2007, Petitioners received a notice from Immigration and Customs Enforcement (U.S. ICE), requesting that they appear on October 10, 2007 for their removal from the United States. See Dec. ZN at Exh. B. On October 10, 2007, after voluntarily appearing at DHS for the surrender interview, DHS took possession of their passports, placed them on the Intensive Supervision Appearance Program ("ISAP"), and ordered them to depart within one week (October 17, 2007) to Fiji. See Dec. ZN at Exhs. E, G. U.S. ICE has scheduled Petitioners' deportation for Wednesday, October 17, 2007, despite the fact that the Board has not ruled on either their motion to reopen or their request for stay of removal. See Dec. ZN at Exhs. E, Exh. G. If Petitioners are physically removed from the U.S., the Board will dismiss their motion to reopen for lack of jurisdiction. 8 C.F.R. § 1003.2(d). Furthermore, Petitioners will be deemed to have abandoned their asylum application because they returned to the country of claimed persecution. 8 C.F.R. § 208.8(b).

Petitioners seek an order from this Court barring their removal and/or detention and ordering that the Board adjudicate Petitioners' motion to reopen and request for stay if removal, both of which have been pending for six months.

The Immigration and Nationality Act, including the asylum statute, the withholding of removal statute, the implementing regulations of the Convention Against Torture; Article 33.1 of the United Nations Convention Relating to the Status of Refugees; and Due Process all require an opportunity to raise a fear of persecution and torture before a removal order is executed. If Petitioners are removed to Fiji before they have had a meaningful opportunity to present their asylum applications, the above mentioned national and international laws will have been violated.

Furthermore, removing Petitioners prior to the adjudication of their motion to reopen based on ineffective assistance of counsel will result in the Board's dismissal of their motion to reopen for lack of jurisdiction (8 C.F.R. § 1003.2(d)) and Petitioners will have been deemed to have abandoned their asylum applications because they returned to the country of claimed persecution. 8 C.F.R. § 208.8(b). Petitioners will be forced to return to a country where Mr. Sharma was subjected to beatings that rendered him unconscious and where Ms. Sharma was assaulted and was subjected to attempted rape. See Dec. ZN at Exh. A. Such a scenario would violated the principals of fundamental fairness and manifest justice, as Petitioners, seeking asylum, are entitled to the right to submit and substantiate their claims to asylum. See Campos v. Azzouka v. Sava, 777 F.2d 68, 76 (2d Cir. 1985); Haitian Refugee Center v. Smith, 676 F.2d 1023, 1038 (5th Cir. 1982)' Chun v. Sava, 708 F.2d 869, 877 (2d Cir. 1983).

The balance of hardships clearly tips in Petitioners' favor. The only harm to Respondents in this Court's allowing Petitioners to prevent removal until the Board rules on their motion to reopen is the postponement of removal for a short time. The motion has been pending for six months and the Board has been alerted on various occasions, of the fact that the possibility of removal is imminent. See Dec. ZN at Exh. A, Exh. D, Exh. G, Exh. H.

Certainly, the Department of Homeland Security can have no legitimate interest in removing Petitioners in a manner contrary to law or before the issues have been fully developed in Court. Petitioners have no criminal record and no fraudulent conduct. They reported promptly to the surrender notice as ordered and have been cooperating with the Intensive Supervision Appearance Program. See Dec. ZN at Exh. G. They were ordered to purchase plane tickets within twenty-four hours of their surrender interview and they complied with those requests as

1  well. See Dec. ZN at Exh. G, Exh. H. As such, there will be no hardship to the government if
2  the stay is granted. Petitioners, however, will face irreparable harm if removed. If they are
3  physically removed, the Board will lose jurisdiction over their motion to reopen. 8 C.F.R. §
4  1003.2(d). Furthermore, they will be deemed to have abandoned their asylum applications. 8
5  C.F.R. § 208.8(b). They will be removed to a country from which they fled because they were
6  brutally beaten, assaulted, and threatened with rape, and where they would be unable to continue
7  to support themselves and their children. See Dec. ZN at Exh. A. They might also be separated
8  from the United States citizen and lawful permanent resident family members, including one of
9  their young sons, their siblings, and Mr. Sharma's elderly mother. Id. Clearly, the hardships tip
10 sharply in Petitioners' favor.

12 WHEREFORE, Petitioners pray that this Court grant his request for a temporary
13 restraining order and a preliminary injunction staying his removal in the terms set forth in the
14 proposed order, pending a decision on the Writ of Habeas Corpus and Writ of Mandamus.

16 Dated: October 12, 2007                    Respectfully submitted,

17                                            _____/s/_____
                                              Zachary Nightingale
18                                            Attorney for Petitioners

# EXHIBIT A

No:

Motion for Temporary Restraining Order ("TRO") and Prelim. Inj.

I, Zachary Nightingale, do hereby declare and state:

1. I am an attorney licensed to practice law in the State of California, State Bar No. 184501. I am a partner with Van Der Hout, Brigagliano & Nightingale, LLP, located at 180 Sutter St. Fifth Floor, San Francisco, CA, 94014. I represent Petitioners before this Court, before the Board of Immigration Appeals, and before the Department of Homeland Security.

2. In the afternoon of October 11, 2007, I spoke with Assistant United States Attorney, Ila Deiss, regarding the filing of a Petition for Writ of Habeas Corpus, Petition for Writ of Mandamus, and a Motion for Temporary Restraining Order in Petitioners' case. I explained the nature of the case to Ms. Deiss, that there was a motion to reopen pending before the Board of Immigration Appeals and stay requests in conjunction with the motion to reopen. I informed Ms. Deiss that I had faxed and mailed to the Board an emergency motion to adjudicate Petitioners' motion and request for stay of removal. I also informed Ms. Deiss that my office intended to filed the Petition and the Motion for Temporary Restraining Order the following day, October 12, 2007. I explained that Petitioners were required to purchase tickets (and had purchased tickets) and were scheduled to report to the U.S. Immigration and Customs Enforcement for removal on Wednesday, October 17, 2007.

3. Petitioners' Petition for Writ of Habeas Corpus and Writ of Mandamus were filed with the Court today, October 12, 2007. On this same day, Lisa Weissman-Ward caused a copy of the Petition and Motion for Temporary Restraining to be received by Ms. Deiss' office at 450 Golden Gate Ave., Tenth Floor, San Francisco, California 94102.

4. In addition, my associate Avantika Shastri, telephone the Board of Immigration Appeals on October 11, 2007, explaining that Petitioners had surrendered for deportation, were placed on the Intensive Supervision Appearance Program ("ISAP"). She confirmed that the Board had received the faxed emergency motion to adjudicate Petitioners' motion to reopen and request for stay of removal given the imminent intended deportation of Petitioners. She again reiterated the imperative nature of ruling on the motion that had been pending almost six months.

No:

Motion for Temporary Restraining Order ("TRO") and Prelim. Inj.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 12th day of October, 2007 in San Francisco, California.

_____
Zachary Nightingale

PROOF OF SERVICE BY PERSONAL DELIVERY

I, Lisa Weissman-Ward, the undersigned, say:

I am over the age of eighteen years and not a party to the within action or proceedings; my business address is Van Der Hout, Brigagliano & Nightingale, LLP, 180 Sutter Street, Fifth Floor, San Francisco, CA 94104.

On October 12, 2007, I caused to be served the within:

PETITIONERS' NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION and DECLARATION OF NOTICE BY ZACHARY NIGHTINGALE IN SUPPORT OF MOTION

on the opposing counsel by personal delivery as follows:

> Ila Deiss
> Assistant U.S. Attorney
> Office of the United States Attorney
> Northern District of California
> 450 Golden Gate Ave.
> Tenth Floor
> San Francisco, CA 94102

Executed on October 12, 2007, at San Francisco, California. I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

_____
Lisa Weissman-Ward
Declarant

No:

Motion for Temporary Restraining Order ("TRO") and Prelim. Inj.